EMANUEL v. FRUIT AUCTION CO.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

SALES (§ 52*)—NATURE OF TRANSACTION—WEIGHT OF EVIDENCE.

In an action to recover money which plaintiff claimed to have paid defendant as part payment for lemons which proved to be of an inferior quality, in which defendant claimed that it and plaintiff purchased the lemons jointly from a third person, and that the money was deposited to secure defendant against loss, judgment for plaintiff *held* contrary to the weight of the evidence.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 118–144, 1045; Dec. Dig. § 52.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by August Emanuel against the Fruit Auction Company. From a judgment for plaintiff on a trial by the court without a jury, defendant appeals. Reversed, and new trial ordered.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

McElheny, Bennett & Sicher, of New York City (Dudley F. Sicher, of New York City, of counsel), for appellant.

Joseph Niechia, of New York City, for respondent.

PAGE, J. The action was brought to recover damages for the breach of an executory contract of sale. The facts are as follows: On May 25, 1911, the defendant cabled an offer to purchase, from De Pasquale Gatto, of Palermo, Italy, 1,000 boxes of Verdelli "Help, Help" brand of lemons at a price therein named. On May 26th this offer was accepted by De Pasquale Gatto. On or about June 1, 1911, Santi Amoroso, an employé of the defendant, met the plaintiff and told him of the purchase the defendant had made, and that he thought the lemons were cheap at the price, and, as plaintiff testified, offered to sell 500 boxes of the lot to him at the same price at which the defendant had purchased them; that the plaintiff agreed to purchase them, and paid $300 on account. Thereupon a receipt was given for the $300, and a written memorandum was signed by the plaintiff. The defendant remitted for the lemons to its agent, who, upon bills of lading, paid to Gatto the amount of cost and freight. When the lemons

arrived they were found not to be of the brand purchased, but a much inferior brand. The defendant's version of the transaction was that these lemons were purchased to be by them sold at auction, and that plaintiff went into the joint adventure with them, and that the $300 was paid, not as part of the purchase price of a sale, but as security against any loss that might arise in the transaction. The defendant is strongly corroborated by the testimony of Amoroso, who was called as a witness by the plaintiff. Amoroso was not, at the time of the trial, in defendant's employ, having been discharged, and was then suing the defendant for a wrongful discharge. The defendant is also corroborated by the documentary evidence. The written memorandum hereinbefore mentioned was as follows upon the defendant's letter head:

"New York, June 1, 1911.

"The Fruit Auction Co., New York City—Gentlemen: In regard to the three hundred dollars ($300) deposited with you, this is to be held as security against any portion of any loss that may arise on purchase of Santi Amoroso and myself of one thousand boxes (1000) of Verdelli lemons from De Pasquale Gatto of Catania at 9/6 cost and freight, Mr. Amoroso and I being equally interested in these one thousand (1000) boxes. These lemons are to be sold through you at your usual charges.

"Yours very truly,                         [Signed]    A. Emanuel.

"P. S. Please open the L of C through your agents F. M. Maniscalco & Co. of Palermo, so as to protect us better.

"[Signed]                                        A. Emanuel."

The receipt reads as follows:

"June 1, 1911.

"Received from Mr. August Emanuel three hundred dollars ($300.00) to be held as security as per his letter of June 1, 1911."

The plaintiff claims that he did not read the receipt nor the letter or memorandum signed by him, although the postscript was admittedly in his own handwriting. The defendant's president admitted that Amoroso was not the purchaser with the plaintiff of the lemons, but his name was used as a cloak for the defendant, he not wishing the trade to know that they bought and sold their own fruit; defendant's business being that of selling fruit of others at auction. This subterfuge was known to plaintiff, and no fraud was practised upon him.

The defendant proved that it lost $1,933.54 on the transaction. Judgment was given for the plaintiff for $300, with interest and costs. The sole support of this judgment is the testimony of the plaintiff himself. He is contradicted by all the witnesses to the transaction and by the documentary evidence. The judgment is so contrary to the evidence as to require a reversal.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.